```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    CHERYL O'CONNOR MURPHY (Cal. Bar No. 173897)
 4  Assistant United States Attorney
    Major Frauds Section
 5       1100 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone:  (213) 894-0759
 7       Facsimile:  (213) 894-6269
         Email:   cheryl.murphy@usdoj.gov
 8
    Attorneys for Plaintiff
 9  UNITED STATES OF AMERICA
```

FILED
CLERK, U.S. DISTRICT COURT
AUG 27 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR 06-295-R |
|---|---|
| Plaintiff, | ) [~~PROPOSED~~] ORDER DENYING DEFENDANT RONALD JOSEPH SAMUEL'S MOTION TO COMPEL GOVERNMENT TO FILE A MOTION PURSUANT TO FEDERAL RULE OF EVIDENCE 35(b)(1) |
| v. | ) |
| RONALD SAMUEL, et al., | ) |
| Defendants. | ) |

On August 18, 2008, defendant's motion to compel the government to file a motion pursuant to Federal Rule of Criminal Procedure 35(b) came on for hearing. Defendant claimed that the government arbitrarily refused to file a Rule 35(b) motion for reduction of sentence for defendant's post-sentencing cooperation. The government responded that it did not file a Rule 35(b) motion because defendant did not provide substantial assistance in the prosecution or investigation of another person

post-sentencing, and that the specific reasons underlying this decision were rationally related to legitimate government goals.

After hearing argument from all the parties and considering all the facts, the Court finds that defendant has not carried his burden of showing that the government acted arbitrarily or in bad faith when it declined to file a motion to reduce defendant's sentence pursuant to Federal Rule of Criminal Procedure 35(b). Although a post-sentencing investigation was conducted in this case, no prosecution resulted therefrom. Rule 35 is addressed to the government, and thus the determination of whether a defendant's post-sentencing cooperation amounts to substantial assistance meriting a further reduction of sentence is to be made by the government. The Court will not second guess the government's evaluation of defendant's post-sentencing cooperation when, as is the case here, there is no evidence that the government's decision not to file a Rule 35(b) motion was made arbitrarily or in bad faith.

Moreover, under all the circumstances, even if the Court had been aware of the additional information provided by defendant at the time of the original sentencing, the result would not have been any different and the Court would not have reduced defendant's sentence below 78 months' imprisonment.

Based on all these facts and findings, IT IS HEREBY ORDERED that defendant's motion to compel the government to file a Rule 35(b) motion is DENIED.

DATED: Aug. 27, 2008

THE HON. MANUEL REAL
United States District Judge